# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY DISMUKES,** | ) |
| **# R33973,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Case No. 18-cv-153-NJR |
| vs. | ) |
| | ) |
| **WARDEN DENNISON,** | ) |
| | ) |
|     **Defendant.** | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Gregory Dismukes, an inmate in Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. While Plaintiff was lifting weights in Shawnee's gym last year, Plaintiff sustained an injury. Plaintiff contends that Shawnee failed to provide a safe weight lifting environment and seeks to hold Defendant Dennison, Shawnee's Warden, liable for his loss. In connection with his claim, Plaintiff seeks monetary damages. He also seeks counseling and physical therapy.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

On May 30, 2017, Plaintiff was lifting free weights in Shawnee's gym. (Doc. 1, p. 4). While lifting weights, Plaintiff severed the tip of one of his fingers. *Id.* The finger could not be repaired and, on June 1, 2017, the injured finger was amputated at the joint. *Id.* Plaintiff claims that the weight bench he was using was shaky and unstable, causing the injury. *Id.* Plaintiff states that he "hold[s] Shawnee CC. at fault for [his] los[s]" due to the facility's "safety neglect." (Doc. 1, pp. 4-5). More specifically, Plaintiff contends that Shawnee is subject to liability because the facility (1) failed to provide proper instructions and/or diagrams regarding how to safely use the weight lifting equipment, and (2) failed to provide a safe and secure recreational weight lifting environment. (Doc. 1, p. 4). Plaintiff has filed grievances, but his grievances were denied, and officials failed to show any remorse for Plaintiff's injuries. (Doc. 1, p. 5).

**DISCUSSION**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

> **Count 1:** Eighth Amendment claim against Dennison for being negligent in his duty to provide Plaintiff with a safe environment for lifting weights.

As a threshold matter, Plaintiff has not stated a claim as to Warden Dennison. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Here, Plaintiff does not allege that Warden Dennison knew about the allegedly hazardous condition or was otherwise personally involved in the alleged constitutional violation. Further, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Warden Dennison cannot be held liable simply because he oversees operations at the prison or supervises other correctional officers. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

Even if Plaintiff had named a defendant with personal involvement in the alleged constitutional violation, he has not alleged a plausible Eighth Amendment violation. A violation of the Eighth Amendment consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution. The Eighth amendment does not constitutionalize torts. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). Instead, as the Seventh Circuit has explained:

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer* [*v. Brennan*, 511 U.S. 825, 834 (1994)] (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson* [*v. Duckworth*,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Here, Plaintiff vaguely alleges that the weight bench was unstable and that the weight room lacked diagrams regarding how to properly use the equipment. Such allegations fall short of identifying an objectively serious risk.

Plaintiff also has failed to allege that anyone was deliberately indifferent to a significant risk of harm. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the

plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

At most, Plaintiff alleges that unspecified officials were negligent in failing to provide a safe environment for lifting weights. However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Plaintiff does not allege that anyone disregarded a known dangerous condition. Without more, Plaintiff has failed to state a claim upon which relief can be granted.

For the reasons set forth above, Plaintiff has failed to allege a plausible claim against Warden Dennison. Accordingly, the Complaint fails to state a claim. Although the Court has reservations about whether Plaintiff could state a viable Section 1983 claim against another defendant, the Court will grant Plaintiff leave to file an amended complaint. If Plaintiff chooses to file an amended complaint, it should address the deficiencies noted above. In particular, Plaintiff should name the defendant personally responsible for his injuries. Plaintiff also must explain how and why there was a significant risk of serious harm to him, and he must explain how the named defendant was deliberately indifferent to that risk of harm.

#### DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 30, 2018**. Should Plaintiff fail to file his First

Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 18-cv-153-NJR).

To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 23, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**