IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GREGORY DISMUKES,** )
**# R33973,** )
)
        **Plaintiff,** )
) **Case No. 18-cv-153-NJR**
vs. )
)
**WARDEN DENNISON,** )
)
        **Defendant.** )

**ROSENSTENGEL, District Judge:**

Plaintiff Gregory Dismukes, an inmate in Shawnee Correctional Center ("Shawnee"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. According to the original Complaint, Plaintiff was injured while lifting weights in Shawnee's gym. Plaintiff directed his claims against Defendant Dennison, the warden at Shawnee. Plaintiff's claims did not survive threshold review under 28 U.S.C. § 1915, and the Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff was allowed until March 30, 2018 to file a First Amended Complaint. That deadline has now passed. Plaintiff has not filed a First Amended Complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

1

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur an additional "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: 4/10/2018**

**s/ Nancy J. Rosenstengel**
**United States District Court**
